UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KOJO KARUME AL-ZUBAIR
KHAYRALLAH,

    Plaintiff,

v.                                     Case No. 4:24-cv-258-AW/MJF

MARK H MAHON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Because it is apparent from the face of Plaintiff's complaint that the diversity-of-citizenship requirement is not satisfied in this breach-of-contract case, the undersigned recommends that the District Court dismiss this action without prejudice.

### I. BACKGROUND

On June 27, 2024, Plaintiff, proceeding *pro se*, filed a complaint. Doc. 1. Plaintiff asserts a breach of contract claim against Judge Mark H. Mahon of the 4th Judicial Circuit Court of Florida. *Id.* at 2. Plaintiff alleges that on May 16, 2018, he and Judge Mahon made and oral agreement to "tell the truth," which Mahon allegedly failed to do by committing some sort of fraud. *Id.* at 4. Plaintiff requests punitive damages. *Id.* at 4.

## II. DISCUSSION

Plaintiff attempts to invoke the District Court's subject-matter jurisdiction. Federal courts are courts of limited jurisdiction, and they possess only the power authorized by the Constitution and Congress. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, before addressing the merits of the complaint, a federal court must assure itself that it enjoys subject-matter jurisdiction over the plaintiff's claims. *Allapattah Servs., Inc.*, 545 U.S. at 552; *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (noting that a district court "should inquire into whether it has [subject-matter] jurisdiction at the earliest possible stage in the proceedings"). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868).

The party invoking a federal court's jurisdiction bears the burden for establishing subject-matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). That party must affirmatively allege facts that, taken as true, demonstrate the existence of subject-matter jurisdiction. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013); *see* Fed. R. Civ. P. 8(a)(1)

(requiring a pleading to state a "short and plain statement of the grounds for the court's jurisdiction").

Diversity-of-citizenship jurisdiction—one basis for federal subject-matter jurisdiction—requires: (1) complete diversity of the parties' citizenship; and (2) an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Under the complete-diversity requirement, courts look to a natural person's domicile for citizenship. *Travaglio*, 735 F.3d at 1269. Domicile "requires both residence in a state and 'an intention to remain there indefinitely.'" *Id.* (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "An individual can have only one domicile at a time." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021) (citing *Williamson v. Osenton*, 232 U.S. 619, 625 (1914)).

According to Plaintiff's complaint, Plaintiff is a citizen of Florida and Judge Mahon is a citizen of Florida. Doc. 1 at 2-3. Because there is no diversity of citizenship, the District Court lacks subject-matter jurisdiction over Plaintiff's claim. The District Court, therefore, should dismiss Plaintiff's breach-of-contract claim for lack of subject-matter jurisdiction.

### III. CONCLUSION

Because Plaintiff has failed to demonstrate that the District Court enjoys subject-matter jurisdiction, and it is apparent from the face of the complaint that the diversity-of-citizenship requirement is not satisfied in this action, the undersigned

respectfully **RECOMMENDS** that the District Court:

1.  **DISMISS** this case without prejudice for lack of subject-matter jurisdiction.

2.  Order the clerk of the court to close this case.

At Pensacola, Florida, this 3rd day of September, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**